IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-02619-AP

MICHELLE L. GUMP,

Plaintiff,

    v.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

Defendant.
_____

**JOINT CASE MANAGEMENT PLAN FOR SOCIAL SECURITY CASES**
_____

**1.**    **APPEARANCES OF COUNSEL AND PRO SE PARTIES**

| For Plaintiff: | For Defendant: |
|---|---|
| Alan M. Agee<br>512 South 8th Street<br>Colorado Springs, CO 80905<br>Ageealanmpc@qwestoffice.net<br>719-473-1515 | TROY A. EID<br>United States Attorney<br>KEVIN TRASKOS<br>Deputy Chief, Civil Division<br>United States Attorney's Office<br>District of Colorado<br>Kevin.Traskos@usdoj.gov<br><br>Debra J. Meachum<br>Special Assistant United States Attorney<br>1961 Stout Street, Suite 1001A<br>Denver, Colorado 80294<br>(303) 844-1570<br>(303) 844-0770 (facsimile)<br>debra.meachum@ssa.gov |

**2. STATEMENT OF LEGAL BASIS FOR SUBJECT MATTER JURISDICTION**

The Court has jurisdiction based on section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

**3. DATES OF FILING OF RELEVANT PLEADINGS**

    **A. Date Complaint Was Filed:** 12/17/07
    **B. Date Complaint Was Served on U.S. Attorney's Office:** 12/19/07
    **C. Date Answer and Administrative Record Were Filed:** 3/19/07

**4. STATEMENT REGARDING THE ADEQUACY OF THE RECORD**

Plaintiff states that the final administrative decision in this case does not reference the administrative decision relating to her first application (see section six below).

Defendant states that the record is complete and accurate (see section six below).

**5. STATEMENT REGARDING ADDITIONAL EVIDENCE**

The parties do not anticipate submitting additional evidence. Plaintiff's counsel states that procedural documents not in the record may become available to shed additional light on the issues before this Court. Defendant's counsel states that she is checking with the Agency for clarification of the procedural issues raised by Plaintiff.

**6. STATEMENT REGARDING WHETHER THIS CASE RAISES UNUSUAL CLAIMS OR DEFENSES**

Plaintiff's counsel states that:

    Plaintiff's application dated 12/11/02 (protective filing date) alleged an onset date of 5/2/81 (Tr. 106). This application was denied at the administrative level but was subject to remand by the U.S. District Court (Case No. 05-cv-02573-AP) (Tr. 660).

    Plaintiff also filed a subsequent application on 7/22/05 alleging an onset date of 2/9/05 (Tr. 677). It appears that Judith Starkey with Chamberlin Edmonds assisted and represented Plaintiff with the filing of this subsequent application (Tr. 663).

At the hearing, both applications were subject to review by the ALJ. The ALJ found Plaintiff disabled as of the amended onset date of 7/1/03 based upon the application dated 7/20/05 (Tr. 647).

Plaintiff argues that the ALJ should have amended the onset date based upon the oldest application dated 12/11/02 (protective filing date). At no time did Plaintiff withdraw or dismiss her application dated 12/11/02.

For additional explanation, see also the SSA Report of Contact dated 10/18/07 (Tr. 638).

Defendant's counsel states that:

The ALJ properly found Plaintiff disabled as of 7/1/03, her amended onset date. However, she is checking with the Agency's hearing office and appeals council to determine whether Plaintiff's eligibility for benefits should be based upon the date of her first, rather than her second, application.

**7. OTHER MATTERS**

The parties state that there are no other matters.

**8. BRIEFING SCHEDULE** (NOTE: To allow the parties additional time to confer and possibly negotiate an agreement about the effects of Plaintiff's prior application, as it relates to Plaintiff's eligibility for benefits, Counsel for both parties agreed to the following briefing schedule, which commences later than 40 days after the filing of this Joint Case Management Plan):

    A. **Plaintiffs Opening Brief Due:**    June 12, 2008
    B. **Defendant's Response Brief Due:**    July 15, 2008
    C. **Plaintiffs Reply Brief (If Any) Due:**    July 29, 2008

**9. STATEMENTS REGARDING ORAL ARGUMENT**

    A. **Plaintiffs Statement:** Plaintiff requests oral argument.
    B. **Defendant's Statement:** Defendant does not request oral argument

**10. CONSENT TO EXERCISE OF JURISDICTION BY MAGISTRATE JUDGE**

All parties have not consented to the exercise of jurisdiction of a United States Magistrate Judge.

**11.   OTHER MATTERS**

THE PARTIES FILING MOTIONS FOR EXTENSION OF TIME OR CONTINUANCES MUST COMPLY WITH D.C.COLO.LCivR 7.1(C) BY SUBMITTING PROOF THAT A COPY OF THE MOTION HAS BEEN SERVED UPON THE MOVING ATTORNEY'S CLIENT, ALL ATTORNEYS OF RECORD, AND ALL PRO SE PARTIES.

**12.   AMENDMENTS TO JOINT CASE MANAGEMENT PLAN**

The parties agree that the Joint Case Management Plan may be altered or amended only upon a showing of good cause.

DATED this 14th day of April, 2008.

BY THE COURT:

*S/John L. Kane*
U.S. DISTRICT COURT JUDGE

APPROVED:

For Plaintiff:

s/ Alan M. Agee 4/8/08
Alan M. Agee
512 South 8th Street
Colorado Springs, CO 80905
Ageealanmpc@awest.net
719-473-1515

For Defendant:

TROY A. EID
United States Attorney

KEVIN TRASKOS
Deputy Chief, Civil Division
United States Attorney's Office
District of Colorado
Kevin.Traskos@usdoj.gov

s/ Debra J. Meachum 4/8/08
Debra J. Meachum
Special Assistant U.S. Attorney
1961 Stout Street, Suite 1001A
Denver, Colorado 80294
(303) 844-1570
Debra.meachum@ssa.gov